## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TRACY IRVIN,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. _____** |
| | § | |
| **MASTERS ADVANCED** | § | |
| **REMEDIATION SERVICES** | § | |
| **Defendant.** | § | |
| | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TRACY IRVIN ("Tracy")**, Plaintiff in the above numbered and styled cause, files his Original Complaint complaining of **MASTERS ADVANCED REMEDIATION SERVICES,** Defendant herein, and in support thereof shows this Court as follows:

This is a suit in law and in equity, authorized and instituted pursuant to Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981"). This action also arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, a hostile work environment and termination, as well as from retaliation for opposing such unlawful practices, based on race/color because Plaintiff is African-American/Black, and from the denial of wages and retaliation for Plaintiff asserting his rights and complaining about not being paid his wages under the FLSA.

1

**Venue**

1.  Venue is proper in the U.S. District Court for the Southern District of Texas Houston Division.  A substantial part, if not all, of the cause of action accrued or arose in the Southern District of Texas.  Defendant maintains sufficient business contacts within the counties comprising the Houston Division.  Furthermore, the Plaintiff resided within the Houston Division during the pertinent time in question.

**Parties**

2.  Tracy Irvin is an African American United States citizen and is currently a resident of Texas, and was a Texas resident during the time in question.  At all times material hereto, Tracy was an employee of Defendant, as understood and defined by Section 1981 and the FLSA.

3.  Masters Advanced Remediation Services is a Texas corporation.  It may be served with this lawsuit by serving its registered agent for service of process, Louis Matt Teal, 20978 Annendale Circle, Porter, TX 77365.  At all times material hereto, Defendant was Tracy's employer, as understood and defined by Section 1981 and the FLSA.

**Facts[1]**

4.  Tracy was employed as a Technician for Defendant from February 2012 through his unlawful termination of employment on or about August 28, 2013.

5.  On or about April 15, 2013, Tracy was walking by a conversation that took place

---

1  These facts are by no means exhaustive.

between James Wilson (General Manager), Joel Calfee (Operations and Safety Manager) and Charlie Teal (co-worker/owner's nephew) where they were laughing and stated—"here comes the Black smelling monkey." They were laughing about it to which Tracy noted his opposition to such racial slur being made about to him.

6. Approximately one week later, on or about April 23, 2013, a number of co-workers and Tracy were in the backyard at the office, Charlie Teal threw a Nerf football to Tracy which had the word "Nigga" on it. Tracy immediately took a picture of the football and brought it to Mr. Wilson's office to complain. Mr. Wilson just laughed.

7. After Tracy's complaints about race/color discrimination through the time of his termination, Defendant targeted Tracy and retaliated against him. For example, management's attitude toward Tracy turned hostile and negative, and treated him differently than the Caucasian co-workers. Also, by way of example, Tracy was also told to handle trash duties that were not requested of others at that time.

8. On or about August 12, 2013, Tracy complained that he was not being paid for work that he was required to perform while on his lunch break. Several days later, on or about August 15, 2013, Tracy was told not to come back into the office to work.

9. Then, on or about August 28, 2013, Tracy was told that he was terminated.

3

**CAUSES OF ACTION**

10. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Race/Color Discrimination and Retaliation under Section 1981**

11. Defendant has intentionally discriminated against Plaintiff in violation of Section 1981 based on race (African-American) and color (Black), engaged in a hostile work environment based on race and color, and terminated Plaintiff due to his race and color and in retaliation against Plaintiff for his opposition to such unlawful practices.

**Retaliation under the FLSA**

12. Plaintiff incorporates the preceding and proceeding paragraphs into this paragraph by reference.

13. Defendant terminated Plaintiff in retaliation for his asserting his rights under the FLSA.

14. Defendant's violation under the FLSA is willful.

**DAMAGES**

15. Plaintiff seeks actual damages, including but not limited to lost wages and benefits, and liquidated damages under the FLSA.

16. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to his professional reputation, all to his detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages

as authorized by statute.

17.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

18.     The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race and color and otherwise adversely effect their status as employees because of same.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be expedited and upon such hearing to:

i.      Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race and color, retaliate against Plaintiff or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law.

ii.     Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of his rights protected by Section 1981 and the FLSA.

iii.    Order the Defendant to grant Plaintiff additional equitable, actual and

compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

iv.   Order the Defendant to grant Plaintiff compensatory damages.

v.   Order the Defendant to pay punitive damages in an amount at least three times the actual and compensatory damages awarded.

vi.   Order the Defendant to pay liquidated damages in the amount of double actual damages under the FLSA.

vii.   Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible.

viii.   Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

ix.   Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

Respectfully submitted,

By:   /S/ Ashok Bail
ASHOK BAIL
STATE BAR #24043541
3120 Southwest Freeway, Suite 450
Houston, Texas 77098
(832) 216-6693 (Tel)
(832) 263-0616 (Fax)
ashok_bail@yahoo.com