United States District Court
Southern District of Texas

**ENTERED**

December 22, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TRACY IRVIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-2488 |
| | § | |
| MASTERS ADVANCED REMEDIATION | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Tracy Irvin alleges that while he worked for Masters Advanced Remediation Services as a technician, he was the subject of racial slurs and was not paid the overtime rates the Fair Labor Standards Act requires. He alleges that when he complained about the slurs, Masters Advanced Remediation assigned him work that his white coworkers did not have to do, and that when he complained about the overtime violations, Masters fired him. He asserts race discrimination and retaliation claims under 42 U.S.C. § 1981 and a retaliation claim under the FLSA. Masters Advanced Remediation Services has moved to dismiss, or in the alternative, for a more definite statement. The court has considered the motion, response, and reply; the record; and the applicable law. Based on this consideration, the court denies in part and grants in part the motion to dismiss, and denies the motion for more definite statement as moot. Specifically, the FLSA retaliation claim is dismissed without prejudice, and with leave to amend, and the § 1981 claims remain.

The reasons for these rulings are set out below.

## I.      Background

Tracy Irvin worked as a technician for Masters Advanced Remediation from February 2012 to August 2013.  (Docket Entry No. 1 at ¶ 4). Irvin alleges that on April 13, 2013, members of Master Advanced Remediation's management team laughed at him and said, "here comes the Black smelling monkey." (*Id.* at ¶ 5).  Irvin "noted his opposition" to the racial slur. (*Id.*).  About ten days later, on April 23, while Irvin was in the backyard of the office, one of his coworkers threw a football to him.  The football had the word "Nigga" written on it. (*Id.* at ¶ 6).  Irvin took the football to the general manager's office to complain, but according to Irvin, the manager "just laughed" in response. (*Id.*).

Irvin alleges that after he complained about the two incidents, he was treated differently than his white coworkers. (*Id.* at ¶ 7).  He alleges that, for example, he was told to handle "trash duties" that others did not have to do. (*Id.*).  On August 12, 2013, Irvin complained that he was not being paid for work that he was required to perform on his lunch break. (*Id.* at ¶ 8).  On August 15, 2013, Irvin was told not to come back to the office to work.  On August 28, 2013, he was officially terminated. (*Id.* at ¶¶ 8–9).  This lawsuit, discovery, and the motion followed.

## II.     The Rule 12(b)(6)  Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St.*

*Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).  In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*.  The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F.App'x 534, 535 (5th Cir. 2007) ("'A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

## III.    Discussion

### A.    The § 1981 Claim

Masters Advanced Remediation moves to dismiss Irvin's § 1981 claims because it argues that he failed to plead a prima facie case of discrimination.[1]  The pleadings are sufficient under the applicable law; the arguments made in support are better raised in a summary judgment motion. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 510–11 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement.") *Id.* at 510.  In *McDonnell Douglas*, the Supreme Court made clear that "[t]he critical issue before us concern[ed] the order and allocation of proof in a private, non-class action challenging employment discrimination." *Id.* (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973)).  In subsequent cases, the Supreme Court reiterated that the prima facie case at this stage is limited to pleading facts relating to the employee's burden of presenting evidence that raises an inference of discrimination. *Id.* (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981)). The Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511.

Masters Advanced Remediation alternatively moves to dismiss the § 1981 claims because Irvin did not allege he suffered an adverse employment action as a result of the discrimination.  Irvin alleges that he was subjected to racially charged comments on two occasions and complained about

---

[1]  When, as in this case, there is no direct evidence of discriminatory intent for a § 1981 claim,  courts analyze circumstantial evidence under the *McDonnell Douglas* burden-shifting framework.  *Dunaway v. Cowboys Nightlife, Inc.*, 436 F. App'x 386, 389–90 (5th Cir. 2011).

them to management.   (Docket Entry No. 1 at ¶¶ 5–6).  He also alleges that after he complained about the discriminatory comments, he was treated differently than white coworkers, and that four months after his complaints, he was fired.   (*Id.* at ¶¶ 7–9).  An adverse employment action actionable under § 1981 includes termination. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) ("[A]dverse employment actions consist of ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and compensating."); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) ("[A] time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes.").

Irvin has stated a plausible claim for relief under § 1981.

### B.    The FLSA Retaliation Claim

Irvin alleges that he had to work on his lunch break without overtime compensation, and that he complained to management about the lack of overtime pay on August 12.  (Docket Entry No. 1 at ¶ 8).  He was fired on August 28, allegedly in retaliation for his complaint.  (*Id.* at ¶¶ 8–9).

The FLSA has a two year statute of limitations.   29 U.S.C. § 255(a).   Willful FLSA violations trigger a three year limitations period.   29 U.S.C. § 255(a).   Irvin alleges that he was terminated on August 28, 2013, but he did not file his complaint until August 12, 2016.  (Docket Entry No. 1 at  ¶ 9).  Irvin's complaint to management that he was entitled to overtime pay is a protected activity under the FLSA. *Hagan v. Echostar Satellite, LLC.*, 529 F.3d 617, 625 (5th Cir. 2008) ("[A]n informal, internal complaint may constitute protected activity.").  He alleges that he was fired two weeks after he complained. *See Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 550 (5th Cir. 2010).  But Irvin must have adequately plead a willful FLSA violation to survive the motion to dismiss.  He has not done so.

An employer willfully violates the FLSA only if it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Irvin has not pleaded any facts that give rise to an inference of, or show, a willful violation of the FLSA. He merely states that Masters Advanced Remediation acted willfully. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). When a plaintiff's complaint fails to state a claim, the court should generally give at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co.*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Masters Advanced Remediation's motion to dismiss the FLSA retaliation claim is granted, but without prejudice and with leave to amend no later than January 27, 2017.

## IV.    Conclusion

Masters Advanced Remediation's motion to dismiss the § 1981 race discrimination and retaliation claim is denied; the motion to dismiss the FLSA retaliation claim is granted, without prejudice and with leave to amend. Irvin must file an amended complaint no later than January 27, 2017. The alternative motion for a more definite statement is moot.

SIGNED on December 22, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge